People v Simmon (2019 NY Slip Op 02952)





People v Simmon


2019 NY Slip Op 02952


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9013 1289/14

[*1]The People of the State of New York, Respondent,
v
Servicio Simmon, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), and Jones Day, New York (Nassim Ameli of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Juan M. Merchan, J. at jury trial and sentencing), rendered May 10, 2016, convicting defendant of attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]), including its finding, after reviewing conflicting testimony, that the police entered defendant's apartment only after obtaining the voluntary consent of another occupant, who answered the door. Furthermore, it was permissible for the officers to proceed by seeking consent to enter, regardless of whether they had probable cause and the opportunity to obtain a warrant (Kentucky v King, 563 US 452, 466-467 [2011]; People v Garvin, 30 NY3d 174, 187-188, 188 n 9 [2017]).
A detective told defendant that he would "probably be coming back" from the precinct and that he could bring his cell phone with him if he wished to do so. This was deceptive, because the detective actually intended to arrest defendant and hoped defendant would have the phone on his person so it could be seized. However, the deception was not "so fundamentally unfair as to deny due process" (People v Tarsia, 50 NY2d 1, 11 [1980]), because it did not undermine the voluntariness of defendant's actions. The detective only suggested that defendant might want to bring his phone, and the deception was not of a type that would compel him to do so (see People v Abrams, 95 AD2d 155 [2d Dept 1983]). Thus, we find no basis to suppress the contents of the phone, which was seized incident to a lawful arrest, and searched after the police obtained an undisputedly valid search warrant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK